# EXHIBIT B

EXECUTION

# GUARANTY AGREEMENT

This **GUARANTY AGREEMENT** (this "Guaranty"), is made and entered into as of June 2, 2022 by and among each of the Persons listed on the signature pages hereto as a Guarantor (and together with each of their successors and permitted assigns and each other entity that becomes a party hereto by executing the Guaranty Supplement attached hereto as Exhibit A, collectively, the "Guarantors" and each, a "Guarantor"), and Acquiom Agency Services LLC (as administrative agent for the Secured Parties (as defined in the Credit Agreement), and together with its successors and permitted assigns, the "Administrative Agent").

## RECITALS

**A.**     Moshe Silber, an individual (the "Borrower"), Administrative Agent and the lenders from time to time party thereto (the "Lenders"), have entered into that certain Credit Agreement dated of even date herewith (as the same may be amended, restated, supplemented, waived or otherwise modified from time to time, the "Credit Agreement").  All capitalized terms used, and not otherwise defined, herein, shall have the same meanings ascribed to such terms in the Credit Agreement.

**B.**     Each Guarantor is a Wholly-Owned Subsidiary of the Borrower, and each Guarantor acknowledges and agrees that it will derive substantial benefits from the Credit Agreement.

## AGREEMENTS

**NOW, THEREFORE**, in consideration of Administrative Agent and the Lenders entering into the Credit Agreement with the Borrower, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each Guarantor agrees as follows:

1.     Guaranty.  In consideration of the benefit derived or to be derived by it from the Credit Agreement from and after the Closing Date, each Guarantor hereby jointly and severally unconditionally and irrevocably guarantees to Administrative Agent for the benefit of the Secured Parties, as a primary obligor and not merely as a surety, the faithful, prompt and complete payment and performance in full in cash of all Obligations, including (x) amounts that would become due but for the operation of the automatic stay under Section 362(a) of the Bankruptcy Code (as defined below) or similar laws, and (y) any default interest provided for under the Credit Agreement or any other Loan Document (including default or other interest accruing during the pendency of any bankruptcy, insolvency, receivership or other similar proceeding, whether or not a claim for such interest is allowed or allowable in such proceeding).  In the event of the failure of the Borrower or any other Loan Party to pay any amounts constituting Obligations, the Guarantors shall forthwith (i) pay and perform or cause to be paid and performed any and all such Obligations, in each case to the full extent provided under the Credit Agreement and the other Loan Documents, and (ii) pay all reasonable costs of collection or enforcement and other damages suffered or incurred by Administrative Agent or any other Secured Party that result from the non-performance thereof.  As to the Obligations, Guarantors' liability under this Guaranty is without limit except as provided in Section 13 hereof.  Each Guarantor agrees that its guarantee provided herein constitutes a guarantee of payment and performance and not of collection.  Each Guarantor shall be jointly and severally liable with the Borrower and each other Guarantor for the payment and performance of the Obligations.

1

FILED: NEW YORK COUNTY CLERK 05/02/2024 11:24 AM
NYSCEF DOC. NO. 8
Case 25-01295-MBK    Doc 1-2    Filed 07/18/25    Entered 07/18/25 12:43:34    Desc
Exhibit B    Page 3 of 18
INDEX NO. 652265/2024
RECEIVED NYSCEF: 05/02/2024

2. <u>Survival of Obligations</u>. The obligations of each Guarantor under this Guaranty shall survive and continue in full force and effect, and shall not be released, diminished, impaired, reduced or adversely affected by any of the following, whether or not notice thereof is given to any Guarantor:

(a) any amendment, modification, renewal or extension of the Credit Agreement or any other Loan Document, pursuant to its respective terms;

(b) any compromise, release, consent, extension, indulgence, forbearance or other action or inaction in respect of any terms of the Credit Agreement, any other Loan Document or any other instrument or agreement by Administrative Agent, any Secured Party or any other Person;

(c) any substitution or release, in whole or in part, of any security for this Guaranty which Administrative Agent or any other Secured Party may hold at any time;

(d) any exercise or non-exercise by Administrative Agent or any other Secured Party of any right, power or remedy under or in respect of the Credit Agreement or any other Loan Document or any security held by Administrative Agent or any other Secured Party with respect thereto, or any waiver of (or failure to enforce) any such right, power or remedy;

(e) any change in the existence, structure or ownership of, or any bankruptcy, insolvency, reorganization, arrangement, assignment for the benefit of creditors, receivership or trusteeship affecting, the Borrower, Administrative Agent, any other Secured Party, any other Loan Party or any Guarantor or their respective successors or assigns or any of their respective Affiliates or any of their respective assets, or any actual or attempted rejection, assumption, assignment, separation, severance, or recharacterization of the Credit Agreement, any other Loan Document or any portion thereof, or any discharge of liability thereunder, in connection with any such proceeding or otherwise;

(f) any limitation of the Borrower's or any other Loan Party's liability under the Credit Agreement or any other Loan Document or any limitation of the Borrower's or any other Loan Party's liability thereunder which may now or hereafter be imposed by any statute, regulation or rule of law, or any illegality, irregularity, invalidity or unenforceability, in whole or in part, of the Credit Agreement, any other Loan Document or any term thereof;

(g) any act or omission by Administrative Agent or any other Secured Party with respect to any of the security instruments or any failure to file, record or otherwise perfect any of the same;

(h) any breach by (or any act or omission of any nature of) Administrative Agent or any other Secured Party under or in respect of the Credit Agreement or any other Loan Document;

(i) any agreement or stipulation between the Borrower, any other Loan Party, Administrative Agent or any other Secured Party extending the time of performance under, or any other agreement, amendment, modification supplement or other instrument modifying any of the provisions, terms, conditions, covenants or agreements contained in the Credit Agreement or any other Loan Document;

(j) the release of the Borrower or any other Loan Party from performance or observation of any of the agreements, covenants, terms or conditions contained in the Credit Agreement or any other Loan Document by operation of law or otherwise;

2

KL2 3281269.8

(k) the fact that the Borrower or any other Loan Party may or may not be personally liable, in whole or in part, under the terms of the Credit Agreement or any other Loan Document to pay any money judgment;

(l) the failure to give any Guarantor any notice of acceptance, default or otherwise;

(m) any other guaranty now or hereafter executed by any Guarantor or any other Loan Party or any other Person in connection with the Credit Agreement or any other Loan Document;

(n) any rights, powers or privileges Administrative Agent or any Secured Party may now or hereafter have against any other Person or collateral;

(o) any other defenses, other than a defense of payment or performance in full, as the case may be, of the Obligations;

(p) the existence of any claim, setoff, counterclaim, defense or other rights that may at any time be available to, or asserted by, a Guarantor, the Borrower or any other Loan Party against Administrative Agent or any other Secured Party, whether in connection with the Credit Agreement, any other Loan Document, the Obligations or otherwise;

(q) the invalidity, illegality or unenforceability of all or any part of the Obligations, or of any document or agreement (including the Credit Agreement and any other Loan Document) executed in connection with the Obligations, for any reason whatsoever;

(r) the unenforceability (for any reason whatsoever) of this Guaranty, including, without limitation, as a result of rejection in any bankruptcy, insolvency, dissolution or other proceeding; or

(s) any other circumstances, whether or not any Guarantor had notice or knowledge thereof (other than payment in full of the Obligations).

3. <u>Primary Liability</u>. The liability of each Guarantor with respect to the Obligations shall be a joint and several, primary, direct, immediate, continuing and unconditional guaranty of payment and performance and not of collection, may not be revoked by any Guarantor and shall continue to be effective with respect to all of the Obligations notwithstanding any attempted revocation by any Guarantor and shall not be conditional or contingent upon the genuineness, validity, regularity or enforceability of the Credit Agreement, any other Loan Document or any other documents or instruments relating to the Obligations, including, without limitation, any Person's lack of authority or lawful right to enter into such document on such Person's behalf, or the pursuit by Administrative Agent or any other Secured Party of any remedies Administrative Agent or any other Secured Party may have.  Without limitation of the foregoing, Administrative Agent or any Secured Party may proceed against any Guarantor: (a) prior to or in lieu of proceeding against the Borrower, the Borrower's assets, any Loan Party, any Loan Party's assets, any security deposit, or any other guarantor or any other Person; and (b) prior to or in lieu of pursuing any other rights or remedies available to Administrative Agent or any Secured Party.  All rights and remedies afforded to Administrative Agent and the other Secured Parties by reason of this Guaranty or by law are separate, independent and cumulative, and the exercise of any rights or remedies shall not in any way limit, restrict or prejudice the exercise of any other rights or remedies.

In the event of any default under the Credit Agreement or any other Loan Document, a separate action or actions may be brought and prosecuted against any Guarantor whether or not the Borrower or any other Loan Party is joined therein or a separate action or actions are brought against the Borrower or

any other Loan Party. Administrative Agent or any Secured Party may maintain successive actions for other defaults. Administrative Agent's and the other Secured Parties' rights hereunder shall not be exhausted by its exercise of any of its rights or remedies or by any such action or by any number of successive actions until and unless all indebtedness and Obligations, the payment and performance of which are hereby guaranteed, have been paid and fully performed.

    4.    <u>Obligations Not Affected</u>. In such manner, upon such terms and at such times as Administrative Agent and the other Secured Parties in their sole discretion deem necessary or expedient, and without notice to any Guarantor or any other Loan Party, Administrative Agent and the other Secured Parties may: (a) amend, alter, compromise, accelerate, extend or change the time or manner for the payment or the performance of any Obligation hereby guaranteed; (b) extend, amend or terminate the Credit Agreement or any other Loan Document; or (c) release the Borrower or any other Loan Party by consent to any assignment (or otherwise) as to all or any portion of the Obligations hereby guaranteed, in each case pursuant to the terms of the Credit Agreement. Any exercise or non-exercise by Administrative Agent or any other Secured Party of any right hereby given to Administrative Agent or any other Secured Party, dealing by Administrative Agent or any other Secured Party with any Guarantor or any other guarantor, the Borrower, any other Loan Party or any other Person, or change, impairment, release or suspension of any right or remedy of Administrative Agent or any other Secured Party against any Person, including, without limitation, the Borrower, any other Loan Party and any other guarantor, will not affect any of the Obligations of Guarantor hereunder or give any Guarantor any recourse or offset against Administrative Agent or any Secured Party.

    5.    <u>Waiver</u>. With respect to the Credit Agreement and the other Loan Documents, each Guarantor hereby waives and relinquishes all rights and remedies accorded by applicable law to sureties and/or guarantors or any other accommodation parties, under any statutory provisions, common law or any other provision of law, custom or practice, and agrees not to assert or take advantage of any such rights or remedies including, but not limited to:

    (a)    any defense that may arise by reason of the incapacity or lack of authority of any Person or Persons;

    (b)    notice of the existence, creation or incurring of any new or additional indebtedness or obligation or of any action or non-action on the part of the Borrower, any other Loan Party, Administrative Agent, any other Secured Party, any creditor of the Borrower, any other Loan Party or any Guarantor or on the part of any other Person whomsoever under this or any other instrument in connection with any obligation or evidence of indebtedness held by the Borrower or any other Loan Party or in connection with any obligation hereby guaranteed;

    (c)    any defense based upon an election of remedies by Administrative Agent or any other Secured Party which destroys or otherwise impairs the subrogation rights of any Guarantor or the right of any Guarantor to proceed against the Borrower or any other Loan Party for reimbursement, or both;

    (d)    any defense based upon any statute or rule of law which provides that the obligation of a surety must be neither larger in amount nor in other respects more burdensome than that of the principal;

    (e)    any duty on the part of Administrative Agent or any other Secured Party to disclose to any Guarantor any facts Administrative Agent or any other Secured Party may now or hereafter know about the Borrower or any other Loan Party, regardless of whether Administrative Agent or any other Secured Party has reason to believe that any such facts materially increase the risk beyond

that which any Guarantor intends to assume or has reason to believe that such facts are unknown to any Guarantor or has a reasonable opportunity to communicate such facts to any Guarantor, it being understood and agreed that each Guarantor is fully responsible for being and keeping informed of the financial condition of the Borrower and each other Loan Party and of all circumstances bearing on the risk of non-payment or non-performance of any Obligations or indebtedness hereby guaranteed;

(f)     any defense arising because of Administrative Agent's or any other Secured Party's election, in any proceeding instituted under the Federal Bankruptcy Reform Act of 1978 (11 U.S.C. § 101, et seq.), as amended, reformed or modified from time to time and any rules or regulations issued from time to time thereunder (the "Bankruptcy Code") of the application of Section 1111(b)(2) of the Bankruptcy Code;

(g)     any defense based on any borrowing or grant of a security interest under Section 364 of the Bankruptcy Code; and

(h)     all rights and remedies accorded by applicable law to guarantors, including, without limitation, any extension of time conferred by any law now or hereafter in effect and any requirement or notice of acceptance of this Guaranty or any other notice to which the undersigned may now or hereafter be entitled to the extent such waiver of notice is permitted by applicable law.

6.     Enforcement.

(a)     The obligations of each Guarantor hereunder are independent of the obligations of the Borrower or any other Loan Party under the Credit Agreement or any other Loan Document. This Guaranty may be enforced by Administrative Agent or any other Secured Party without the necessity at any time of resorting to or exhausting any other security or collateral and without the necessity at any time of having recourse to the remedy provisions of the Credit Agreement or any other Loan Document or otherwise, and each Guarantor hereby expressly waives the right to require Administrative Agent or any other Secured Party to proceed against the Borrower, any other Loan Party or any other Person, to exercise its rights and remedies under the Credit Agreement or any other Loan Document, or to pursue any other remedy whatsoever against any Person, security or collateral or enforce any other right at law or in equity. Without limitation of the generality of the foregoing, it shall not be necessary for Administrative Agent or any other Secured Party (and each Guarantor hereby waives any rights which it may have to require Administrative Agent or any other Secured Party), in order to enforce any Obligation against any Guarantor, first to institute suit or exhaust its remedies against any other Person, security or collateral or resort to any other means of obtaining payment of any Obligation. Nothing herein shall prevent Administrative Agent or any other Secured Party from suing any Person to enforce the terms of the Credit Agreement or any other Loan Document or from exercising any other rights available to Administrative Agent or any other Secured Party under the Credit Agreement, any other Loan Document or any other instrument or agreement, and the exercise of any of the aforesaid rights shall not affect the obligations of any Guarantor hereunder. Each Guarantor understands that the exercise, or any forbearance from exercising, by Administrative Agent or any other Secured Party of certain rights and remedies contained in the Credit Agreement or in any other Loan Document may affect or eliminate such Guarantor's right of subrogation against the Borrower or any other Loan Party and that such Guarantor may therefore incur liability hereunder that is not subject to reimbursement; nevertheless each Guarantor hereby authorizes and empowers Administrative Agent or any other Secured Party to exercise, in its sole discretion, any rights and remedies, or any combination thereof, which may then be available, it being the purpose and intent of each Guarantor that its Obligations hereunder shall be absolute, independent and unconditional, in each case in accordance with its terms hereunder.

5

FILED: NEW YORK COUNTY CLERK 05/02/2024 11:24 AM
NYSCEF DOC. NO. 8

INDEX NO. 652265/2024
RECEIVED NYSCEF: 05/02/2024

Case 25-01295-MBK    Doc 1-2    Filed 07/18/25    Entered 07/18/25 12:43:34    Desc
Exhibit B    Page 7 of 18

(b) No failure or delay on the part of Administrative Agent or any other Secured Party in exercising any right, power or privilege under this Guaranty shall operate as a waiver of or otherwise affect any such right, power or privilege, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege.

(c) It is understood that Administrative Agent, without impairing this Guaranty, may, subject to the terms of the Credit Agreement, apply payments from the Borrower or any other Loan Party upon a default by the Borrower or any other Loan Party or from or in connection with any exercise of rights or remedies, to any due and unpaid Obligations owed by the Borrower or any other Loan Party to Administrative Agent and the other Secured Parties pursuant to the Credit Agreement or any other Loan Document in such amounts and in such order as set forth in Section 7.02 of the Credit Agreement.

7. <u>Information</u>. Each Guarantor (a) assumes all responsibility for being and keeping itself informed of the financial condition and assets of the Borrower, each other Loan Party and their respective Affiliates and any other guarantor, and of all other circumstances bearing upon the risk of nonpayment of the Obligations and the nature, scope and extent of the risks that such Guarantor assumes and incurs hereunder, and (b) agrees that neither Administrative Agent nor any other Secured Party will have any duty to advise any Guarantor of information regarding such circumstances or risks.

8. <u>No Subrogation</u>. Until all Obligations of the Borrower and the other Loan Parties under the Credit Agreement and the other Loan Documents have been paid in full and the Credit Agreement and the other Loan Documents are terminated (the date thereof, the "<u>Guaranty Termination Date</u>"), no Guarantor shall have a right of subrogation and waives (a) any right to enforce any remedy which such Guarantor now has or may hereafter have against the Borrower or any other Loan Party arising out of this Guaranty or any of the Borrower's or such other Loan Party's assets (including any such remedy of Administrative Agent or any other Secured Party) and any benefit of, and any right to participate in, any security now or hereafter held by Administrative Agent or any other Secured Party with respect to the Credit Agreement or any other Loan Document, (b) any rights of reimbursement, indemnity or subrogation against the Borrower or any other Loan Party arising from any payment of Obligations by such Guarantor, and (c) any right of contribution such Guarantor may have against any other Person that is liable under the Credit Agreement or any other Loan Document arising from such payment or otherwise in connection with the Credit Agreement, this Guaranty or any other Loan Document.

9. <u>Agreement to Comply with terms of Credit Agreement and the other Loan Documents</u>. Each Guarantor hereby agrees (a) to comply with all terms of the Credit Agreement and each other Loan Document applicable to it, (b) that it shall take no action, and that it shall not omit to take any action, which action or omission, as applicable, would cause a breach of the terms of the Credit Agreement or any other Loan Document, and (c) that it shall not commence an involuntary proceeding or file an involuntary petition in any court of competent jurisdiction seeking (i) relief in respect of the Borrower, any Loan Party or any of the Borrower's or a Loan Party's Subsidiaries, or of a substantial part of the property or assets of the Borrower or any Loan Party or any of the Borrower's or such Loan Party's Subsidiaries, under the Bankruptcy Code, or any other federal, state or foreign bankruptcy, insolvency, receivership or similar law, or (ii) the appointment of a receiver, trustee, custodian, sequestrator, conservator or similar official for the Borrower, any Loan Party or any of the Borrower's or such Loan Party's Subsidiaries or for a substantial part of the property or assets of the Borrower, any Loan Party or any of the Borrower's or such Loan Party's Subsidiaries.

10. <u>Agreement to Pay; Contribution; Subordination</u>. Without limitation of any other provision of this Guaranty, including, without limitation, <u>Section 8</u> above, or any other right of Administrative Agent at law or in equity, upon the failure of the Borrower or any other Loan Party to pay any Obligation when and as the same shall become due, each Guarantor hereby unconditionally and

6

FILED: NEW YORK COUNTY CLERK 05/02/2024 11:24 AM
NYSCEF DOC. NO. 8

INDEX NO. 652265/2024
RECEIVED NYSCEF: 05/02/2024

Case 25-01295-MBK    Doc 1-2    Filed 07/18/25    Entered 07/18/25 12:43:34    Desc
Exhibit B    Page 8 of 18

irrevocably promises to and will forthwith pay, or cause to be paid, to Administrative Agent in cash the amount of such unpaid Obligation. Upon payment by the Guarantors of any sums to Administrative Agent as provided above, all rights of the Guarantors against the Borrower or any other Loan Party arising as a result thereof by way of subrogation, contribution, reimbursement, indemnity or otherwise shall be subject to the limitations set forth in Section 8 above and this Section 10. Each Guarantor further agrees that any rights of subrogation, contribution, reimbursement, indemnity or otherwise which such Guarantor may have against the Borrower, any other Loan Party or against any collateral or security, and any rights of contribution such Guarantor may have against any other Person, in connection with any payment of Obligations or otherwise under this Guaranty, the Credit Agreement or any other Loan Document by such Guarantor shall be junior and subordinate to any rights Administrative Agent and the other Secured Parties may have against the Borrower, any other Loan Party or any such other Person, to all right, title and interest Administrative Agent and the other Secured Parties may have in any such collateral or security, and to any rights Administrative Agent and the other Secured Parties may have against the Borrower, any other Loan Party or any such other Person. If any amount shall be paid to any Guarantor on account of any such reimbursement, indemnity, subrogation or contribution rights at any time prior to the Guaranty Termination Date and during the continuance of an Event of Default, such amount shall be held in trust for Administrative Agent and the other Secured Parties and shall forthwith be paid over to Administrative Agent to be credited and applied against the Obligations, whether matured or unmatured, in accordance with the terms of the Credit Agreement, any other Loan Document or any applicable security agreement. If for any reason whatsoever the Borrower or any other Loan Party now or hereafter becomes indebted to any Guarantor or any Affiliate of any Guarantor, such indebtedness and all interest thereon shall at all times be junior and subordinate to the Borrower's or such other Loan Party's obligation to Administrative Agent and the other Secured Parties to pay and perform as and when due in accordance with the terms of the Credit Agreement or other Loan Document, as applicable, the Obligations, it being understood that each Guarantor and each Affiliate of each Guarantor shall be permitted to receive payments from the Borrower or any other Loan Party on account of such indebtedness (but subject in all events to the preceding provisions of this Section 10), except during any period that any Event of Default shall have occurred and be continuing. During any such period, each Guarantor agrees to make no claim for such indebtedness that does not recite that such claim is expressly junior and subordinate to Administrative Agent's and the other Secured Parties' rights and remedies under the Credit Agreement and the other Loan Documents. Furthermore, in the event of receivership, bankruptcy, reorganization, arrangement, debtor's relief, or other insolvency proceedings involving the Borrower or any other Loan Party as debtor, each Guarantor hereby assigns to Administrative Agent and the other Secured Parties any right it may have to prove its claim in any such proceeding so as to establish its rights hereunder and receive directly from receiver, trustee or other court custodian dividends and payments which would otherwise be payable to such Guarantor with respect to debts and liability owing by the Borrower or any other Loan Party to such Guarantor up to the amounts owed to Administrative Agent and the other Secured Parties hereunder.

11.     Application of Payments. With respect to the Credit Agreement and the other Loan Documents, and with or without notice to any Guarantor, Administrative Agent, in Administrative Agent's sole discretion and at any time and from time to time and in such manner and upon such terms as Administrative Agent deems appropriate, may (a) apply any or all payments or recoveries following the occurrence of an Event of Default that is continuing from the Borrower, any other Loan Party from any Guarantor or from any other guarantor under any other instrument or realized from any security, in accordance with Section 7.02 of the Credit Agreement, and (b) refund to the Borrower any payment received by Administrative Agent or any other Secured Party under the Credit Agreement or any other Loan Document.

12.     Guaranty Default. Upon the failure of the Guarantors to pay the amounts required to be paid hereunder when due, Administrative Agent shall have the right to bring such actions at law or in

equity, including, without limitation, appropriate injunctive relief, as it deems appropriate to compel compliance, payment or deposit and, among other remedies, to recover its reasonable attorneys' fees in any proceeding (subject to the limitations set forth in the Credit Agreement), including any appeal therefrom and any post judgment proceedings.

13.  <u>Maximum Liability</u>.  Each of the Guarantors and, by its acceptance of the guarantees provided herein, Administrative Agent and each other Secured Party, hereby confirms that it is the intention of such Person that the guarantees provided herein and the obligations of each Guarantor hereunder not constitute a fraudulent transfer or conveyance for purposes of any Debtor Relief Law, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act or any similar foreign, federal or state law to the extent applicable to the guarantees provided herein and the obligations of Guarantor hereunder.  To effectuate the foregoing intention, Administrative Agent and each other Secured Party hereby irrevocably agrees that the obligations of each Guarantor under this Guaranty shall be limited to the maximum amount as will result in such obligations not constituting a fraudulent transfer or conveyance.

14.  <u>Additional Guarantors</u>.  Upon execution and delivery by the Administrative Agent and any Subsidiary that is required to become a party hereto by the terms of the Credit Agreement of an instrument in the form of <u>Exhibit A</u> hereto, such Subsidiary shall become a Guarantor hereunder with the same force and effect as if originally named as a Guarantor herein.  The execution and delivery of any such instrument shall not require the consent of any other party to this Guaranty.  The rights and obligations of each party to this Agreement shall remain in full force and effect notwithstanding the addition of any new party to this Guaranty.

15.  <u>Release</u>.  Each Guarantor shall automatically be released from its obligations hereunder upon the payment in full of the Obligations.

16.  <u>Notices</u>.  Any notice, request or other communication to be given by any party hereunder shall be in writing and shall be sent by registered or certified mail, postage prepaid and return receipt requested, by hand delivery or express courier service, or by an overnight express service to the following address:

| | |
|---|---|
| To any Guarantor: | c/o Moshe Silber<br>46 Main Street, Suite 339<br>Monsey, New York 10952<br>Telephone No. (845) 538-6701<br>Email: mark@cbrmrealty.com |
| To Administrative Agent: | To the address provided in Section 9.01(a) of the Credit Agreement |

or to such other address as either party may hereafter designate.  Notice shall be deemed to have been given on the date of delivery if such delivery is made on a Business Day, or if not, on the first Business Day after delivery.  If delivery is refused, Notice shall be deemed to have been given on the date delivery was first attempted.

17.  <u>Miscellaneous</u>.

(a)  No term, condition or provision of this Guaranty may be waived except by an express written instrument to that effect signed by Administrative Agent.  No waiver of any term, condition or provision of this Guaranty will be deemed a waiver of any other term, condition or provision,

8

KL2 3281269.8

irrespective of similarity, or constitute a continuing waiver of the same term, condition or provision, unless otherwise expressly provided. No term, condition or provision of this Guaranty may be amended or modified with respect to the Guarantors except by an express written instrument to that effect signed by Administrative Agent and the Guarantors to which such amendment or modification is to be effective.

(b) If any one or more of the terms, conditions or provisions contained in this Guaranty is found in a final award or judgment rendered by any court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining terms, conditions and provisions of this Guaranty shall not in any way be affected or impaired thereby, and this Guaranty shall be interpreted and construed as if the invalid, illegal, or unenforceable term, condition or provision had never been contained in this Guaranty.

(c) This Guaranty and any claims, controversy, dispute or cause of action (whether in contract or tort or otherwise) based upon, arising out of or relating to this Guaranty and the transactions contemplated hereby and thereby shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

(d) Each Guarantor irrevocably and unconditionally agrees that it will not commence any action, litigation or proceeding of any kind or description, whether in law or equity, whether in contract or in tort or otherwise, against the Administrative Agent, any Lender, or any Related Party of the foregoing in any way relating to this Guaranty or any other Loan Document or the transactions relating hereto or thereto, in any forum other than the courts of the State of New York sitting in New York County, and of the United States District Court for the Southern District of New York sitting in New York County, and any appellate court from any thereof, and each of the parties hereto irrevocably and unconditionally submits to the jurisdiction of such courts and agrees that all claims in respect of any such action, litigation or proceeding may be heard and determined in such New York State court or, to the fullest extent permitted by Applicable Law, in such federal court. Each of the parties hereto agrees that a final judgment in any such action, litigation or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Nothing in this Guaranty or in any other Loan Document shall affect any right that the Administrative Agent or any Lender may otherwise have to bring any action or proceeding relating to this Guaranty or any other Loan Document against the Borrower or its properties in the courts of any jurisdiction.

(e) Each Guarantor irrevocably and unconditionally waives, to the fullest extent permitted by Applicable Law, any objection that it may now or hereafter have to the laying of venue of any action or proceeding arising out of or relating to this Guaranty or any other Loan Document in any court referred to in paragraph (d) of this Section. Each of the parties hereto hereby irrevocably waives, to the fullest extent permitted by Applicable Law, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

(f) Each party hereto irrevocably consents to service of process in the manner provided for notices in Section 9.01 of the Credit Agreement. Nothing in this Guaranty will affect the right of any party hereto to serve process in any other manner permitted by Applicable Law.

(g) EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THIS GUARANTY OR ANY OTHER LOAN DOCUMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY). EACH PARTY HERETO (A) CERTIFIES THAT NO REPRESENTATIVE, AGENT OR ATTORNEY OF ANY OTHER PERSON HAS

FILED: NEW YORK COUNTY CLERK 05/02/2024 11:24 AM
NYSCEF DOC. NO. 8
INDEX NO. 652265/2024
RECEIVED NYSCEF: 05/02/2024

Case 25-01295-MBK    Doc 1-2    Filed 07/18/25    Entered 07/18/25 12:43:34    Desc
Exhibit B    Page 11 of 18

REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THE FOREGOING WAIVER AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS GUARANTY AND THE OTHER LOAN DOCUMENTS BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

(h) In the event of any suit, action, arbitration or other proceeding to interpret this Guaranty, or to determine or enforce any right or obligation created hereby, the prevailing party in the action shall recover such party's reasonable costs and expenses incurred in connection therewith, including, but not limited to, reasonable attorneys' fees and costs of appeal, post judgment enforcement proceedings (if any) and bankruptcy proceedings (if any). Any court, arbitrator or panel of arbitrators shall, in entering any judgment or making any award in any such suit, action, arbitration or other proceeding, in addition to any and all other relief awarded to such prevailing party, include in such judgment or award such party's reasonable costs and expenses as provided in this Section 17(h).

(i) Each Guarantor (i) represents that it has been represented and advised by counsel in connection with the execution of this Guaranty; (ii) acknowledges receipt of a copy of the Credit Agreement and each other Loan Document; and (iii) further represents that such Guarantor has been advised by counsel with respect thereto. This Guaranty shall be construed and interpreted in accordance with the plain meaning of its language, and not for or against any Guarantor or Administrative Agent, and as a whole, giving effect to all of the terms, conditions and provisions hereof.

(j) Except as provided in any other written agreement now or at any time hereafter in force between Administrative Agent and the Guarantors, this Guaranty and the other Loan Documents shall constitute the entire agreement of the Guarantors with Administrative Agent with respect to the subject matter hereof, and no representation, understanding, promise or condition concerning the subject matter hereof will be binding upon Administrative Agent or Guarantor unless expressed herein.

(k) All stipulations, obligations, liabilities and undertakings under this Guaranty shall be binding upon each Guarantor and its respective successors and assigns and shall inure to the benefit of Administrative Agent, the other Secured Parties and to their respective successors and assigns.

(l) Whenever the singular shall be used hereunder, it shall be deemed to include the plural (and vice-versa) and reference to one gender shall be construed to include all other genders, including neuter, whenever the context of this Guaranty so requires. Section captions or headings used in this Guaranty are for convenience and reference only, and shall not affect the construction thereof.

(m) This Guaranty may be executed in two or more counterparts, each of which shall constitute an original but all of which when taken together shall constitute but one contract. Delivery of an executed counterpart to this Agreement by facsimile or other electronic transmission shall be as effective as delivery of a manually signed original.

(n) Each Guarantor represents and warrants as follows:

(i) Such Guarantor (a) is duly organized or formed, validly existing and, as applicable, in good standing under the Laws of the jurisdiction of its incorporation or organization, (b) has all requisite power and authority and all requisite governmental licenses, authorizations, consents and approvals to (i) own or lease its assets and carry on its business and (ii) execute, deliver and perform its obligations under this Guaranty, except, in each case referred to in clause (a) or (b)(i) or (c), to the extent that failure to do so could not reasonably be expected to have a Material Adverse Effect;

KL2 3281269.8

(ii) the execution, delivery, and performance of this Guaranty by such Guarantor (a) has been duly authorized by all necessary corporate or other organizational action, and do not and will not contravene the terms of its Organizational Documents and (b) does not (i) conflict with or result in any breach or contravention of, or the creation of any Lien under, or require any payment to be made under (A) any material Contractual Obligation to which such Guarantor is a party or affecting such Guarantor or the properties of such Guarantor or (B) any order, injunction, writ or decree of any Governmental Authority or any arbitral award to which such Guarantor or its property is subject or (ii) violate any Law in any material respect;

(iii) no approval, consent, exemption, authorization, or other action by, or notice to, or filing with, any Governmental Authority or any other Person is necessary or required in connection with the execution, delivery or performance by, or enforcement against, such Guarantor of this Guaranty, except for such approvals, consents, exemptions, authorizations, actions or notices that have been duly obtained, taken or made and in full force and effect; and

(iv) this Guaranty has been duly executed and delivered by such Guarantor, and constitutes a legal, valid and binding obligation of such Guarantor, enforceable against such Guarantor in accordance with its terms, subject to (i) the effects of bankruptcy, insolvency, moratorium, reorganization, fraudulent conveyance or other similar laws affecting creditors' rights generally, (ii) general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at law) and (iii) implied covenants of good faith and fair dealing.

*[Signature Pages to Follow]*

FILED: NEW YORK COUNTY CLERK 05/02/2024 11:24 AM
NYSCEF DOC. NO. 8
INDEX NO. 652265/2024
RECEIVED NYSCEF: 05/02/2024

Case 25-01295-MBK    Doc 1-2    Filed 07/18/25    Entered 07/18/25 12:43:34    Desc
Exhibit B    Page 13 of 18

**EXECUTED** as of the date first set forth above.

GUARANTORS:

FOX CAPITAL LLC

By: _____
Name: Moshe Silber
Title: Sole Member

[*Signature Page to Guaranty Agreement*]

FILED: NEW YORK COUNTY CLERK 05/02/2024 11:24 AM
NYSCEF DOC. NO. 8
INDEX NO. 652265/2024
RECEIVED NYSCEF: 05/02/2024

Case 25-01295-MBK    Doc 1-2    Filed 07/18/25    Entered 07/18/25 12:43:34    Desc
Exhibit B    Page 14 of 18

**CBCC 1 LLC**

By: _____
Name: Moshe Silber
Title: Sole Member


**CBCC 2 LLC**

By: _____
Name: Moshe Silber
Title: Sole Member


**CBCC 3 LLC**

By: _____
Name: Moshe Silber
Title: Sole Member


**CBCC 4 LLC**

By: _____
Name: Moshe Silber
Title: Sole Member


**CBCC 5 LLC**

By: _____
Name: Moshe Silber
Title: Sole Member


[*Signature Page to Guaranty Agreement*]

**ADMINISTRATIVE AGENT:**

ACQUIOM AGENCY SERVICES LLC

By: ___/s/ J. Anderson_____
Name:  Jennifer Anderson
Title:  Senior Director

[*Signature Page to Guaranty Agreement*]

FILED: NEW YORK COUNTY CLERK 05/02/2024 11:24 AM
NYSCEF DOC. NO. 8

INDEX NO. 652265/2024
RECEIVED NYSCEF: 05/02/2024

Case 25-01295-MBK    Doc 1-2    Filed 07/18/25    Entered 07/18/25 12:43:34    Desc
Exhibit B    Page 16 of 18

**Exhibit A**
**to the Guaranty**

## Form of Guaranty Supplement

SUPPLEMENT NO. _____ dated as of _____ (this "Supplement") to the Guaranty Agreement dated as of June 2, 2022 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Guaranty"), Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC, CBCC 4 LLC, and CBCC 5 LLC (and together with each of their successors and permitted assigns, collectively, the "Guarantors" and each, a "Guarantor"), and Acquiom Agency Services LLC (as administrative agent for the Secured Parties (as defined in the Credit Agreement), and together with its successors and permitted assigns, the "Administrative Agent").

A. Capitalized terms used herein and not otherwise defined herein shall have the meanings assigned to such terms in the Credit Agreement.

B. The Guarantors have entered into the Guaranty in order to induce the Secured Parties to extend credit to the Borrower. The Guaranty provides that additional entities may become Guarantors under the Guaranty by execution and delivery of an instrument in the form of this Supplement. The undersigned (the "New Guarantor") is executing this Supplement in accordance with the requirements of the Guaranty and the Credit Agreement to become a Subsidiary Guarantor under the Credit Agreement in order to induce the Secured Parties to extend credit to the Borrower and as consideration for credit previously extended.

Accordingly, the Administrative Agent and the New Guarantor agree as follows:

SECTION 1. The New Guarantor by its signature below becomes a Guarantor under the Guaranty with the same force and effect as if originally named therein as a Guarantor, and the New Guarantor hereby (a) agrees to all the terms and provisions of the Guaranty applicable to it as a Guarantor thereunder and (b) represents and warrants that the representations and warranties made by it as a Guarantor thereunder are true and correct in all material respects (without duplication of any materiality or Material Adverse Effect qualifier) on and as of the date hereof. Each reference to a "Guarantor" in the Guaranty shall be deemed to include the New Guarantor.

SECTION 2. The New Guarantor represents and warrants to the Administrative Agent and the other Secured Parties that this Supplement has been duly authorized, executed and delivered by it and constitutes its legal, valid and binding obligation, enforceable against it in accordance with its terms, subject to (i) the effects of bankruptcy, insolvency, moratorium, reorganization, fraudulent conveyance or other similar laws affecting creditors' rights generally, (ii) general principles of equity (regardless of whether such enforceability is considered in a proceeding in equity or at law) and (iii) implied covenants of good faith and fair dealing.

SECTION 3. This Supplement may be executed in two or more counterparts, each of which shall constitute an original but all of which when taken together shall constitute but one contract. This Supplement shall become effective when (a) the Administrative Agent shall have received a counterpart of this Supplement that bears the signature of the New Guarantor and (b) the Administrative Agent has executed a counterpart hereof. Delivery of an executed signature page to this Supplement by facsimile or other electronic transmission shall be as effective as delivery of a manually signed counterpart of this Supplement.

1

KL2 3281269.8

FILED: NEW YORK COUNTY CLERK 05/02/2024 11:24 AM
NYSCEF DOC. NO. 8

Case 25-01295-MBK    Doc 1-2    Filed 07/18/25    Entered 07/18/25 12:43:34    Desc
Exhibit B    Page 17 of 18

INDEX NO. 652265/2024
RECEIVED NYSCEF: 05/02/2024

SECTION 4.    Except as expressly supplemented hereby, the Guaranty shall remain in full force and effect.

SECTION 5.    THIS SUPPLEMENT AND ANY CLAIMS, CONTROVERSY, DISPUTE OR CAUSE OF ACTION (WHETHER IN CONTRACT OR TORT OR OTHERWISE) BASED UPON, ARISING OUT OF OR RELATING TO THIS SUPPLEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY AND THEREBY SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW YORK.

SECTION 6.    In the event any one or more of the provisions contained in this Supplement should be held invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein and in the Guaranty shall not in any way be affected or impaired thereby.  The parties shall endeavor in good faith negotiations to replace the invalid, illegal or unenforceable provisions with valid provisions the economic effect of which comes as close as possible to that of the invalid, illegal or unenforceable provisions.

SECTION 7.    All communications and notices hereunder shall be in writing and given as provided in Section 16 of the Guaranty.

[*Signature Pages Follow*]

KL2 3281269.8

IN WITNESS WHEREOF, the New Guarantor and the Agent have duly executed this Supplement to the Guaranty as of the day and year first above written.

**[NAME OF NEW GUARANTOR]**

By:_____
Name:
Title:

**ACQUIOM AGENCY SERVICES LLC**, as
Administrative Agent

By:_____
Name:
Title:

[*Signature Page to Supplement to Guaranty Agreement*]

KL2 3281269.8