# EXHIBIT K

Fill in this information to identify the case:

Debtor    CBRM Realty Inc.

United States Bankruptcy Court for the: _____   District of New Jersey
                                                                                    (State)

Case number   25-15343 _____

# Modified Official Form 410
# Proof of Claim

04/25

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Spano Investor LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   Claims assigned from Acquiom Agency Services LLC

**2. Has this claim been acquired from someone else?**

☐ No

☑ Yes.   From whom?   Acquiom Agency Services

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

See summary page

Where should payments to the creditor be sent? (if different)

See summary page

Contact phone   973-643-6398
Contact email   joshua.mercado@ubs.com

Contact phone   212-713-4040
Contact email   joshua.mercado@ubs.com

Uniform claim identifier (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No

☐ Yes.   Claim number on court claims registry (if known) _____   Filed on ___/___/_____
                                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes. Who made the earlier filing? _____

2515343250715000000000001

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br><br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

7. **How much is the claim?**   $ 21,118,881.01_____. **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment - See attached Rider_____

9. **Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe:   Judgment lien.  See attached Rider._____

**Basis for perfection:**   Judgment lien.  See attached Rider._____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $21,118,881.01

**Amount of the claim that is unsecured:**   $0_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ 21,118,881.01

**Annual Interest Rate** (when case was filed) 9.00____%

☑ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

2515343250715000000000001

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br><br>☐ Yes. **Check all that apply:** | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).     $_____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).     $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).     $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.     $_____

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

| | |
|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No<br><br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.<br><br>$_____ |

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    07/15/2025
                     MM / DD / YYYY

/s/Michael Savetsky
Signature

Print the name of the person who is completing and signing this claim:

| Name | Michael Savetsky |
|---|---|
| | First name          Middle name          Last name |
| Title | Of Counsel |
| Company | Sills Cummis and Gross P.C. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | |

Contact phone _____    Email _____

**Proof of Claim**

2515343250715000000000001

# Verita (KCC) ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (866) 523-2941 | International 001-310-823-9000

| | |
|---|---|
| **Debtor:** | |
| 25-15343 - CBRM Realty Inc. | |
| **District:** | |
| District of New Jersey, Trenton Division | |

| | |
|---|---|
| **Creditor:** | **Has Supporting Documentation:** |
| Spano Investor LLC | Yes, supporting documentation successfully uploaded |
| c/o Sills Cummis and Gross P.C., Attn: Michael Savetsky | **Related Document Statement:** |
| One Riverfront Plaza | |
| | **Has Related Claim:** |
| Newark, NJ, 07102 | No |
| **Phone:** | **Related Claim Filed By:** |
| 973-643-6398 | |
| **Phone 2:** | **Filing Party:** |
| | Authorized agent |
| **Fax:** | |
| **Email:** | |
| joshua.mercado@ubs.com | |

| | |
|---|---|
| **Disbursement/Notice Parties:** | |
| Spano Investor LLC | |
| OConnor Capital Solutions c/o Joshua Mercado | |
| 787 7th Avenue, 13th Floor | |
| | |
| New York, NY, 10019 | |
| **Phone:** | |
| 212-713-4040 | |
| **Phone 2:** | |
| **Fax:** | |
| **E-mail:** | |
| joshua.mercado@ubs.com | |
| **DISBURSEMENT ADDRESS** | |

| | |
|---|---|
| **Other Names Used with Debtor:** | **Amends Claim:** |
| Claims assigned from Acquiom Agency Services LLC | No |
| | **Acquired Claim:** |
| | Yes,  from Acquiom Agency Services |

| **Basis of Claim:** | **Last 4 Digits:** | **Uniform Claim Identifier:** |
|---|---|---|
| Judgment - See attached Rider | No | |

| | |
|---|---|
| **Total Amount of Claim:** | **Includes Interest or Charges:** |
| 21,118,881.01 | Yes |
| **Has Priority Claim:** | **Priority Under:** |
| No | |

| | |
|---|---|
| **Has Secured Claim:** | **Nature of Secured Amount:** |
| Yes: 21,118,881.01 | Other |
| **Amount of 503(b)(9):** | Describe: Judgment lien.  See attached Rider. |
| No | **Value of Property:** |
| **Based on Lease:** | |
| No | **Annual Interest Rate:** |
| **Subject to Right of Setoff:** | 9.00%, Fixed |
| No | **Arrearage Amount:** |
| | 21,118,881.01 |
| | **Basis for Perfection:** |
| | Judgment lien.  See attached Rider. |
| | **Amount Unsecured:** |
| | 0 |

**Submitted By:**

Michael Savetsky on 15-Jul-2025 10:59:43 a.m. Pacific Time

**Title:**

Of Counsel

**Company:**

Sills Cummis and Gross P.C.

### RIDER TO PROOF OF CLAIM OF SPANO INVESTOR LLC

1.      On May 19, 2025 (the "Petition Date"), CBRM Realty, Inc. ("CBRM") and

various affiliated debtors (together with CBRM, the "Debtors") filed voluntary petitions for

relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"),

commencing cases (the "Chapter 11 Cases") which are being jointly administered under Case

No. 25–15343 (MBK).

2.      Moshe Silber a/k/a Mark Silber ("Silber") is the ultimate equity holder of each of

the Debtors.

3.      On September 5, 2024, Acquiom Agency Services LLC ("Acquiom"), in its

capacity as administrative agent and collateral agent for certain loans made by funds affiliated

with UBS Asset Management (Americas) LLC (the "Lenders") to Silber that were guaranteed by

CBRM and various other entities associated with Silber, obtained a judgment (the "CBRM

Judgment") in the amount of $21,020,452.60 against CBRM and certain other defendants in an

action captioned *Acquiom Agency Services LLC v. Fox Capital LLC*, *et al.*, Index No.

652265/2024, Supreme Court of the State of New York, County of New York. A copy of the

CBRM Judgment is attached hereto as **Exhibit A**.

4.      On or about September 9, 2024, Acquiom assigned the CBRM Judgment to Spano

Investor LLC ("Spano"), a special purpose entity formed by the Lenders, through an Assignment

of Judgment. A copy of the Assignment of Judgment is attached hereto as **Exhibit B**.

5.      In order to enforce the CBRM Judgment, counsel for Spano delivered a property

execution (the "Property Execution") to The Sheriff of Rockland County, New York (the

"Sheriff"), dated December 13, 2024, directing the Sheriff to satisfy the CBRM Judgment out of

the real and personal property of CBRM, including all of CBRM's right, title and interest as a member of certain limited liability companies, as follows: (a) its 100% ownership interest in Crown Capital Holdings LLC ("Crown"), a Debtor in these cases, and (b) its ownership interests in 100 Phillips Parkway LLC, JM Realty Advisory LLC, and Carriage House Apts LLC ((a) and (b), collectively, the "LLCs"). A copy of the Property Execution is attached hereto as **Exhibit C**.

6.        By virtue of the delivery of the Property Execution to the Sheriff, Spano acquired a perfected lien on all of CBRM's personal property located within the territorial jurisdiction of the Sheriff. *See* CPLR §§ 5202(a), 5230 and 5232(a); Weinstein-Korn-Miller, New York Civil Practice ¶ 5202.04.

7.        The Sheriff timely served the Property Execution on CBRM and the LLCs. The Sheriff thereafter scheduled a Sheriff's sale of CBRM's interests in the LLCs. The Sheriff's sale was postponed multiple times, eventually to May 22, 2025. CBRM's Chapter 11 Case was filed three days prior to the Sheriff's sale, staying the execution sale.

8.        As of the Petition Date, CBRM owed Spano $21,118,881.01 on account of the CBRM Judgment, calculated as follows:

| Day Convention | 360 | | | | | |
|---|---|---|---|---|---|---|
| Judgment | 21,020,452.60 | | | | | |
| Date of Judgment | 9/5/2024 | | | | | |
| Rate | 9.00% | | | | | |
| Date of Sheriff sale | 3/12/2025 | | | | | |
| Gross Amount of Credit | 1,300,000.00 | | | | | |
| Expenses | (69,097.40) | | | | | |
| Net Credit | 1,230,902.60 | | | | | |
| Pro Forma Balance | 19,789,550.00 | | | | | |

| Balance | Date Start | Date End | Days | Day count | Rate | Interest |
|---|---|---|---|---|---|---|
| 21,020,452.60 | 9/5/2024 | 3/11/2025 | 188 | 360 | 9.00% | 987,961.27 |
| 19,789,550.00 | 3/12/2025 | 5/19/2025 | 69 | 360 | 9.00% | 341,369.74 |
| **Total Interest** | | | **257** | | | **1,329,331.01** |
| | | | | | | |
| Balance | | | | | | 19,789,550.00 |
| **Total Due as of 5/19/2025** | | | | | | **21,118,881.01** |

9.     To the extent that CBRM's equity interest in Crown and all other assets of CBRM against which Spano's perfected judgment lien attached are valued in excess of $21,118,881.01, Spano is entitled to and hereby asserts a claim for post-petition interest and all reasonable fees, costs, or charges provided for under applicable law pursuant to section 506(b) of the Bankruptcy Code.

**<u>Reservation of Rights</u>**

10.    The filing of this Proof of Claim is not intended to alter or affect, or to constitute a waiver of, any of Spano's rights under or in relation to the CBRM Judgment or against any other persons or entities, including, without limitation, Silber.

11.    Spano retains and reserves any rights, claims, actions, remedies, setoffs, or recoupments to which it is entitled at law or in equity, with respect to the Debtors, their assets, and all persons or entities other than the Debtors, including, without limitation, Silber.

12.    Spano reserves the right to supplement or amend this Proof of Claim, without limitation, for the purpose of including additional sums due as of the Petition Date, to assert that any portion of this Proof of Claim is entitled to priority or administrative priority, and to state a total amount that is or would be owed by CBRM upon the effective date of any plan of reorganization or liquidation, or any other appropriate date(s). Spano further reserves the right to supplement or amend this Proof of Claim from time to time as may be necessary or appropriate to conform to, or to adapt to changes in, facts or law, determinations yet to be made in the Debtors' bankruptcy cases or in other proceedings, or otherwise to further the purposes of filing this Proof of Claim.

13.    Neither the fling of this Proof of Claim nor anything contained herein shall be deemed as consent by Spano to the exercise of jurisdiction by the Bankruptcy Court over any and

all aspects of, and/or any proceedings relating to any subject of, this Proof of Claim. Without limiting the generality of the foregoing, Spano retains and reserves any and all rights it otherwise may have to (a) object and not submit to the jurisdiction of the Bankruptcy Court for any particular purpose, matter, or proceeding, (b) seek entry of final orders in non-core matters only after a *de novo* review by a District Court judge, (c) seek entry of final orders in core matters only after a *de novo* review by a District Court judge if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, (d) a trial by jury on any issue so triable in any contested matter or adversary proceeding arising in or related to the Debtors' bankruptcy cases, or (e) request that the District Court withdraw the reference in any matter or proceeding subject to mandatory or discretionary withdrawal.

## **Exhibit A**

CBRM Judgment

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – COMMERCIAL DIVISION

-------------------------------------------------------------- x

ACQUIOM AGENCY SERVICES LLC,

                Plaintiff,

    - against -

FOX CAPITAL LLC, CBCC 1 LLC, CBCC 2 LLC,
CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC,
WESTWOOD JACKSON APTS MM LLC,
WESTWOOD JACKSON APTS LLC, and CBRM
REALTY INC.,

                Defendants.

-------------------------------------------------------------- x

Index No. 652265/2024

IAS Part 45

Justice Anar Rathod Patel

~~[PROPOSED]~~ **JUDGMENT**

      Plaintiff Acquiom Agency Services LLC ("Plaintiff"), having commenced this action by Summons and Notice of Motion for Summary Judgment in Lieu of Complaint, dated May 2, 2024 [NYSCEF Doc. Nos. 1-13] ("Motion"), against Defendants Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC, Westwood Jackson Apts MM LLC, Westwood Jackson Apts LLC, and CBRM Realty Inc. ("Defendants"); and Defendants having opposed Plaintiff's Motion;

      **WHEREAS**, the Court, having fully considered (1) Plaintiff's moving papers, submitted May 2, 2024 [NYSCEF Doc. Nos. 1-13]; (2) Defendants' opposition thereto, submitted June 17, 2024 [NYSCEF Doc. Nos. 25-27]; and (3) Plaintiff's reply papers, submitted June 27, 2024 [NYSCEF Doc. No 28];

      **WHEREAS**, the Court, having issued its Decision + Order On Motion, dated August 2, 2024, and entered in the Office of the County Clerk of New York County on August 6, 2024, granting Plaintiff's Motion as to liability and in the amount of $19,185,000, and further directing an inquest as to an award of interest [NYSCEF Doc. No. 29];

WHEREAS, Plaintiff having served a copy of the Decision + Order On Motion with Notice of Entry upon Defendants on August 6, 2024 [NYSCEF Doc. No. 30];

WHEREAS, on August 14, 2024 Plaintiff informed the Court by email and Affirmation of Lazar Sterling-Jackson, dated August 14, 2024 (the "Affirmation") that it  has waived the recovery of any award of interest in this action, other than statutory interest on the amounts owed by Defendants to Plaintiff, and that no inquest therefore would be needed;

WHEREAS, in the Affirmation, Plaintiff also waived the recovery of its other costs and disbursements in this action;

NOW, THEREFORE, upon application by Pryor Cashman LLP, attorneys for Plaintiff,

ADJUDGED that Plaintiff Acquiom Agency Services LLC, having an address at 950 17th Street, Suite 1400, Denver, Colorado 80202, shall have and recover, jointly and severally, from Defendants Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC, Westwood Jackson Apts MM LLC, Westwood Jackson Apts LLC, and CBRM Realty Inc., having, upon information and belief, the same addresses at 46 Main Street, Suite 339, Monsey, New York 10952, the amount of $19,185,000, plus prejudgment interest in the amount of $1,835,452.60 for a total sum of $21,020,452.60 and post-judgment interest on that amount at the statutory rate of 9% per annum, pursuant to CPLR 5004, and that Plaintiff have execution therefor.

X

Judgment signed and entered

this 14th day of August, 2024

**F I L E D**

**Sep 05 2024**

**NEW YORK**
**COUNTY CLERK'S OFFICE**

ENTER:

Hon. Anar Rathod Patel, J.S.C.

                                        A.J.S.C.

ENTER:

Clerk of the Court

3

Index No. 652265/2024

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK – COMMERCIAL DIVISION**

ACQUIOM AGENCY SERVICES LLC,

                    Plaintiff,

        -against-

FOX CAPITAL LLC, CBCC 1 LLC, CBCC 2 LLC,
CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC,
WESTWOOD JACKSON APTS MM LLC,
WESTWOOD JACKSON APTS LLC,
and CBRM REALTY INC.,

                  Defendants.

## ~~PROPOSED~~ JUDGMENT

## PRYOR CASHMAN LLP

*Attorneys for Plaintiff Acquiom Agency Services LLC*
7 TIMES SQUARE
NEW YORK, N.Y. 10036-6569
212-421-4100

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney duly admitted to practice law in the State of New York, certifies that, upon information and belief based upon reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: August 14, 2024                 Signature: _____

                                    Printed Name: Lazar Sterling-Jackson

1-9
**FILED AND DOCKETED**
Sep 05 2024
AT    10:04 A   M
N.Y. CO. CLK'S OFFICE

## **Exhibit B**

Assignment of Judgment

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – COMMERCIAL DIVISION

————————————————————— x

ACQUIOM AGENCY SERVICES LLC,

               Plaintiff,

     - against -

FOX CAPITAL LLC, CBCC 1 LLC, CBCC 2 LLC,
CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC,
WESTWOOD JACKSON APTS MM LLC,
WESTWOOD JACKSON APTS LLC, and CBRM
REALTY INC.,

               Defendants.

————————————————————— x

Index No. 652265/2024

IAS Part 45

Justice Anar Rathod Patel

**ASSIGNMENT OF JUDGMENT**

WHEREAS, on September 5, 2024, a Judgment in the above-captioned action (NYSCEF Doc. No. 37) was duly entered in the Office of the Clerk of the Supreme Court of the State of New York, New York County, in favor of plaintiff Acquiom Agency Services LLC ("Acquiom") and against defendants Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC, Westwood Jackson Apts MM LLC, Westwood Jackson Apts LLC, and CBRM Realty Inc., jointly and severally, in the amount of $21,020,452.60, together with interest thereon running from September 5, 2024, all of which remains due and unpaid;

IT IS NOW HEREBY AGREED between Acquiom, hereinafter referred to as the "Assignor," and Spano Investor LLC, hereinafter referred to as the "Assignee," that:

1.     The Assignor, having an address of 950 17th Street, Suite 1400, Denver, Colorado 80202, for good and valuable consideration, receipt of which is hereby acknowledged, hereby assigns to the Assignee, Spano Investor LLC, having an address of c/o UBS Asset Management (Americas) LLC, 787 7th Avenue, 13th Floor, New York, NY 10019, its executors, administrator, and assigns, all of Assignor's right, title, and interest in the Judgment in this action and

to all sums of money that may be obtained by the Judgment or on any proceedings to be had on it.

2.      The Assignee shall have powers of substitution, revocation, to demand and to receive, power to obtain executions, and power to take all lawful measures for the recovery of the money due or to become due on the Judgment.

3.      On payment of the Judgment the Assignee shall have power to execute a satisfaction-piece, to acknowledge satisfaction, or discharge the Judgment, and to appoint, substitute and revoke attorneys for the purposes of enforcing the Judgment.

4.      The Assignor covenants and represents that there is now due on the Judgment entered in its favor $21,020,452.60 plus interest from September 5, 2024, and that it will not hereafter collect or receive any of that amount or any part of it, nor will it release or discharge the Judgment.   The Assignor will allow all lawful proceedings to enforce and collect the Judgment to be taken by the Assignee.

5.      This Assignment of Judgment is made without recourse to the Assignor in any event whatsoever.

ACQUIOM AGENCY SERVICES LLC,
as Assignor
By:
Name: Jennifer Anderson
Title: Senior Director
Address: 950 17th Street, Suite 1400
Denver, CO 80202

KL3 3714656.1

STATE OF DELAWARE            )
                            )    ss.:
COUNTY OF NEW CASTLE        )

On the _9th_ day of _September_, 2024, before me, the undersigned, personally appeared Jennifer Anderson, Senior Director, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he/she executed the same in his/her capacity and that, by his/her signature on the instrument, the person upon behalf of which the individual acted executed the instrument.

_Hope L. Ball_
NOTARY PUBLIC

HOPE L. BALL
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES
JANUARY 23, 2026
COMMISSION NO. 20240122000034

3

KL3 3714656 1

## **Exhibit C**

Property Execution





# OFFICE OF THE SHERIFF
## COUNTY OF ROCKLAND
### 55 New Hempstead Road
### New City, New York 10956

Telephone: (845) 638-5456
Fax: (845) 638-5460

**LOUIS FALCO III**
*SHERIFF*

**MARY T. BARBERA**
*UNDERSHERIFF*

**ROBERT VANCURA**
*UNDERSHERIFF*

**DENNIS J. SALEMO**
*CHIEF*

**January 14, 2025**

Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC, Westwood Jackson Apts MM LLC, Westwood Jackson Apts LLC and CBRM Realty Inc.
46 Main Street, Suite 339
Monsey, NY 10952

**Acquiom Agency Services LLC**
**Vs.**
**Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC, Westwood Jackson Apts MM LLC, Westwood Jackson Apts LLC and CBRM**

Greetings:
    The Rockland County Sheriff's Office, Civil Enforcement Division, has received a Property Execution directing us to satisfy a money judgment from your property (personal or real property).
Failure to remit payment in full will result in this Property Execution being used to seize and sell at Sheriff's sale any property you may own.
The following amounts will be collected:

| | |
|---|---|
| Poundage | $656,139.98 |
| Property Execution | $30.00 |
| Mileage | $10.72 |
| Interest on Principal | $684,172.54 |
| Principal | $21,020,452.60 |
| | |
| Total | $22,360,805.84 |

Please be advised that interest is figured on a daily basis at a rate of $5,183.13. The payoff amount calculated as of 2/28/2025 is **$22,601,043.70**. Contact this office for a final payoff prior to remitting payment in full.
Checks or money orders must be made payable to:
                    **The Sheriff of Rockland County**
                    **55 New Hempstead Road**
                    **New City, New York 10956**
                    **Attention: Civil Enforcement Division**

**To make a payment by credit/debit card, log onto our website at www.rocklandcountysheriffoffice.com and look for the credit/debit card link or call Allpaid/Govpaynet at 1(888)604-7888. Our pay location code (PLC) is "a000cr"**

(Please Include Sheriff's case number on check or money order)
You must contact the Deputy listed below immediately to resolve this matter voluntarily.

**Lt. Christopher Schaub**

# *EXECUTION NOTICE*

Pursuant to subdivision (I) of section fifty-two hundred five of the Civil Practice Law and Rules, three thousand dollars of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in paragraph two of subdivision (I) of section fifty-two hundred five of the Civil Practice Law and Rules, is exempt from execution and that the garnishee cannot levy upon or restrain two thousand seven hundred fifty dollars in such account. Further, pursuant to subdivision (i) of section fifty-two hundred twenty-two of the Civil Practice Law and Rules, an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

# OFFICE OF THE SHERIFF
## COUNTY OF ROCKLAND
### 55 New Hempstead Road
### New City, New York 10956

Telephone: (845) 638-5456
Fax: (845) 638-5460

**LOUIS FALCO III**
*SHERIFF*

**MARY T. BARBERA**
*UNDERSHERIFF*

**ROBERT VANCURA**
*UNDERSHERIFF*

**DENNIS J. SALEMO**
*CHIEF*

January 14, 2025

Greetings:

As it appears that you are indebted to the judgment debtor, named in the attached Property Execution **or** are in possession of property in which the judgment debtor has an interest, including, without limitation, the following specified debt and property:

  a.    Bank Account
  b.    Rent Payment (due the defendant as landlord)
  c.    Payment for the performance of fulfillment of a contract (except wages or salary)
  d.    Stocks, bonds, etc.
  e.    Any money or thing of value due or to become due the judgment debtor

The balance of this Property Execution as of 2/28/2025 **is $22,601,043.70**

You, therefore, are required by section 5232(a) of the Civil Practice Law and Rules forthwith to transfer to the Sheriff all personal property in which the judgment debtor is known or believed to have an interest now in or hereafter coming into your possession or custody including any property specified in the attached property execution; and to execute any documents necessary to effect such transfer or payment.

Please take notice that until such transfer or payment is made you are forbidden to make any sale, assignment or transfer of any such property, or pay over or otherwise dispose of any such debts to any person other than the Sheriff, except upon direction of the Sheriff or pursuant to any order of the court.

**IF YOU ARE <u>NOT</u> IN POSSESSION OR INDEBTED TO THE JUDGMENT DEBTOR IN ANY WAY THEN A LETTER INDICATING THAT <u>MUST</u> BE RECEIVED BY THE SHERIFF'S CIVIL ENFORCEMENT DIVISION IMMEDIATELY.**

**FAILURE TO TURN OVER PROPERTY OR RESPOND TO ANY PART OF THIS ORDER MAY BE PUNISHABLE IN COURT.**

**PLEASE CONTACT THIS OFFICE PRIOR TO REMITTING PAYMENT AS INTEREST IS CALCULATED DAILY.**

Checks must be made payable to:        Sheriff's Case# **24002478**
**The Sheriff of Rockland County**
**55 Hempstead Road**
**New City, NY 10956**
**Attention: Civil Enforcement Division**

If you have any questions regarding this matter, please contact this office at your earliest convenience.

Lt. Christopher Schaub
 (845) 638-5703

*A NOTICE TO JUDGMENT DEBTOR IN THE FORM PRESENTED BY CPLR 5222(e) HAS BEEN SERVED UPON
JUDGMENT DEBTOR WITHIN A YEAR*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – COMMERCIAL DIVISION

_____

ACQUIOM AGENCY SERVICES LLC,

                Plaintiff,

                -against-

FOX CAPITAL LLC, CBCC 1 LLC, CBCC 2 LLC,
CBCC 3 LLC, CBCC 4 LLC, CBCC 5 LLC,
WESTWOOD JACKSON APTS MM LLC,
WESTWOOD JACKSON APTS LLC, and
CBRM REALTY INC.,

                Defendants.

_____

**PROPERTY EXECUTION
(AMENDED)**

Index No. 652265/2024

TO THE SHERIFF OF ANY COUNTY OR OTHER ENFORCEMENT OFFICER:

    **WHEREAS**, on September 5, 2024, a Judgment was entered in the captioned action

commenced in the Supreme Court of New York, New York County, between Acquiom

Agency Services LLC, as plaintiff, and Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC,

CBCC 4 LLC, CBCC 5 LLC, Westwood Jackson Apts MM LLC, Westwood Jackson Apts LLC,

and CBRM Realty Inc., as defendants, in favor of Acquiom Agency Services LLC, as judgment

creditor, and against Fox Capital LLC, CBCC 1 LLC, CBCC 2 LLC, CBCC 3 LLC, CBCC 4 LLC,

CBCC 5 LLC, Westwood Jackson Apts MM LLC, Westwood Jackson Apts LLC, and CBRM

Realty Inc., as judgment debtors, in the amount of $21,020,452.60, of which $21,020,452.60

plus interest from September 5, 2024, remains due and unpaid, less $4,000.00 applied

against accrued post-judgment interest;

**WHEREAS**, the Judgment was duly assigned by plaintiff Acquiom Agency Services

LLC to Spano Investor LLC by instrument filed with the Clerk of the Court on September 9,

2024, which is now therefore entitled to enforce the Judgment;

**NOW, THEREFORE, WE COMMAND YOU** to satisfy the said Judgment out of the

real and personal property of judgment debtor CBRM Realty Inc., as defendant, in favor of

Spano Investor LLC, as assignee of Acquiom Agency Services LLC, judgment creditor, and

against CBRM Realty Inc. and the debts due to it; and that only the property in which said

judgment debtor who are not deceased have an interest or the debts owed to them shall be

levied upon and sold hereunder; AND TO RETURN this execution to the clerk of the above

captioned court within 60 days after issuance unless service of this execution is made

within that time or within extensions of that time made in writing by the attorney(s) for the

judgment creditor, including but not limited to the following personal property:

> **All of judgment debtor's right, title and interest as member or otherwise in:**
>
> **Crown Capital Holdings LLC, a Delaware limited liability company, c/o Moshe Silber, 41 Powder Horn Road, Suffern, NY 10901**
>
> **100 Phillips Parkway LLC, a Delaware limited liability company, c/o Moshe Silber, 41 Powder Horn Road, Suffern, NY 10901**
>
> **JM Realty Advisory LLC, a Delaware limited liability company, c/o Moshe Silber, 41 Powder Horn Road, Suffern, NY 10901**
>
> **Carriage House Apts LLC, a Delaware limited liability company, c/o Moshe Silber, 41 Powder Horn Road, Suffern, NY 10901**

Pursuant to CPLR 5205(l) $3,425 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR 5205(l)(2), is exempt from execution and the garnishee cannot levy upon or restrain $3,425 in such an account.

Pursuant to CPLR 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in Labor Law § 652, as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtors and their dependents.

NOW, THEREFORE, YOU ARE REQUIRED by CPLR 5232(a) to transfer to the enforcement officer all personal property not capable of delivery in which the judgment debtors are known or believed to have an interest now or hereafter coming into your possession or custody including any property specified in this notice; and to pay to the enforcement officer, upon maturity, all debts now due or hereafter becoming due from you to the judgment debtors, including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;

AND TAKE NOTICE that until such transfer or payment is made or until expiration of 90 days after the service of this execution upon you or such further time as is provided by any order of the court served upon you whichever event first occurs, you are forbidden to make or suffer any sale, assignment, or transfer of, or an interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the

3

enforcement officer, except upon direction of the enforcement officer or pursuant to an

order of the court;

AND TAKE FURTHER NOTICE THAT at the expiration of 90 days after a levy is made

by service of this execution, or such further time as the court upon motion of the judgment

creditor has provided, this levy shall be void except as to property or debts which have

been transferred or paid to the enforcement officer or as to which a proceeding under

CPLR 5225 or 5227 has been brought.

Dated:     New York, New York
            December 13, 2024

LAW OFFICES OF
BERNARD D'ORAZIO & ASSOCIATES, P.C.
Attorneys for Assignee Judgment Creditor
Spano Investor LLC
The Legal Studio @ 238 West 139th Street
New York, New York 10030
(212) 608-5300
bdorazio@dorazio-law.com

<u>ENDORSEMENT</u>

Please take notice that the following named defendants were not served with a summons herein:

**NOT APPLICABLE**

and that, as to them, the execution must be restricted as below prescribed.

An execution shall not be levied upon the sole property of such a defendant, but it may be collected out of real and personal property owned by him jointly with the other defendants who were summoned or with any of them, and out of the real and personal property of the latter and any of them.

LAW OFFICES OF
BERNARD D'ORAZIO & ASSOCIATES, P.C.
Attorneys for Attorneys for Assignee
Judgment Creditor Spano Investor LLC
The Legal Studio
@ 238 West 139th Street
New York, New York 10030
(212) 608-5300
bdorazio@dorazio-law.com

Name and address of Garnishee:

**Crown Capital Holdings LLC**
**c/o Moshe Silber**
**41 Powder Horn Road**
**Suffern, NY 10901**

**100 Phillips Parkway LLC,**
**c/o Moshe Silber**
**41 Powder Horn Road**
**Suffern, NY 10901**

**JM Realty Advisory LLC**
**c/o Moshe Silber**
**41 Powder Horn Road**
**Suffern, NY 10901**

**Carriage House Apts LLC**
**41 Powder Horn Road**
**Suffern, NY 10901**

Address of Judgment Debtor(s):

**CBRM Realty Inc.**
**c/o Moshe Silber**
**41 Powder Horn Road**
**Suffern, NY 10901**